IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE WILLIS,<br>No. N42118, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 14-cv-01068-SMY<br>) |
| WEXFORD HEALTH SOURCES, INC.,<br>AIMEE LANG[1], and<br>HEATHER McGEE, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Wayne Willis, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an alleged denial of medical care. This is actually the second time Willis has brought this suit. His first case, *Willis v. Wexford, et al.,* Case No. 13-cv-701-MJR (S.D. Ill. filed Jul. 15, 2013), was dismissed without prejudice—apparently so that Plaintiff could exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] The complaint alternately refers to "Aimee Lang," Amy Lang" and "Amy Lane."   It appears that the defendant's name is actually "Aimee Lang" (*see Willis v. Wexford, et al.*, Case No. 13-cv-701-MJR, Doc. 25 (S.D.Ill. Nov. 27, 2013).

>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his complaint (Doc. 1), Plaintiff Willis alleges that beginning July 27, 2012, and continuing through at least September 13, 2012, he experienced what he believed to be severe kidney pain, but due to the policies of health care provider Wexford Health Sources, Inc., Nurse Aimee Lang and Nurse Heather McGee ignored his repeated requests for medical care and pain relief—which Plaintiff characterizes as deliberate indifference. It was Wexford's policy that an inmate had to be seen by a nurse three times during a 30-day period before the inmate could be seen by a doctor. In addition, Wexford responded to only one of Plaintiff's written requests for care, responding that Plaintiff had received clinically appropriate treatment.

Plaintiff seeks declaratory judgment, compensatory and punitive damages, attorney's fees and costs from the defendants in their official and individual capacities.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court shall use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Beginning July 27, 2012, and continuing through at least September 13, 2012, Nurse Amy Lane and Nurse Heather McGee were deliberately indifferent to Plaintiff Willis's serious medical needs, in violation of the Eighth and Amendment; and

**Count 2:** Health care provider Wexford Health Sources, Inc., enforced a policy and practice amounting to deliberate indifference to Plaintiff Willis's serious medical needs, in violation of the Eighth Amendment.

Insofar as the complaint also cites the Fourteenth Amendment, the Court construes that reference as merely an acknowledgement that the Eighth Amendment is applicable to the states via the Fourteenth Amendment, rather than an attempt by Plaintiff to assert a Fourteenth Amendment due process claim. If it was Plaintiff's intent to assert a due process claim, an amended complaint will have to be filed clearly stating such a claim.

## Discussion

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against "cruel and unusual punishments." *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *accord Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) ("Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."). To prevail on such an Eighth Amendment claim, a prisoner must satisfy a two-part test. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir.

2011), citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). First, the prisoner must show that he has an objectively serious medical need. *Arnett*, 658 F.3d at 750; *accord Greeno*, 414 F.3d at 653. A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010); *accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (violating the Eighth Amendment requires "deliberate indifference to a substantial risk of serious harm.") (internal quotation marks omitted) (emphasis added). Only if the objective prong is satisfied is it necessary to analyze the second, subjective prong, which focuses on whether the defendant's state of mind was sufficiently culpable. *Greeno*, 414 F.3d at 652–53.

For a medical professional to be held liable under the deliberate indifference standard, she must have made a decision that is "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008)).

Wexford, a corporation, cannot be held liable for its employees' constitutional violations simply because it is the employer. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782 (7th Cir. 2014); *Maniscalco v. Simon*, 712 F.3d 1139, 1145 (7th Cir. 2013) (no *respondeat superior* liability for private corporation). However, Wexford clearly can be liable if Plaintiff's harm is caused by its unconstitutional policy or practice. *See Shields*, 746 F.3d at 796; *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir. 2004).

Based on the allegations in the complaint, Plaintiff has stated colorable claims against Nurse Lang, Nurse, McGee and Wexford Health Sources, Inc. Therefore, Counts 1 and 2 shall proceed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1 and 2** shall **PROCEED** against Defendants **WEXFORD HEALTH SOURCES, INC.**, **AIMEE LANG** and **HEATHER McGEE**. The Clerk of Court shall have the record reflect the proper spelling of "Aimee Lang."

The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC.**, **AIMEE LANG** and **HEATHER McGEE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration of  Plaintiff Willis's motion for the recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 4, 2014**

s/ STACI M. YANDLE  
**United States District Judge**