IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WAYNE WILLIS, N42118,      )
                                  )
     Plaintiff,          )
                                  )
     v.                 )     Case No. 3:14-cv-01068-SMY-RJD
                                  )
WEXFORD HEALTH SOURCES, INC.,  )
AIMEE LANG and HEATHER McGEE,  )
                                  )
     Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions for Summary Judgment (Docs. 55, 58). For the following reasons, the motions are **GRANTED**.

Plaintiff Wayne Willis is an inmate with the Illinois Department of Corrections ("IDOC").[1] Willis filed suit on October 2, 2014, alleging that his Eighth Amendment rights were violated at Menard Correctional Center ("Menard"). He proceeds against three defendants: Wexford Health Sources, Inc. ("Wexford" - a healthcare contractor that provides medical services to IDOC inmates), Aimee Lang (a medical technician employed by IDOC) and Heather McGee (a nurse employed by IDOC). The Court screened Willis' Complaint pursuant to 28 U.S.C. § 1915A and found that Willis articulated the following claims:

> **Count 1:** Beginning July 27, 2012, and continuing through at least September 13, 2012, Nurse Aimee Lang and Nurse Heather McGee were deliberately indifferent to Plaintiff Willis's serious medical needs, in violation of the Eighth and Amendment; and

---

[1] This is Willis' second lawsuit based on these events. See *Willis v. Wexford, et al.*, Case No. 13-cv-701-MJR (S.D. Ill. filed Jul. 15, 2013). Wexford was dismissed from the first case because Willis had not exhausted administrative remedies. See 42 U.S.C. § 1997e. After Wexford was dismissed, Willis voluntarily dismissed Defendants Lang and McGee. The dismissals were without prejudice, and after exhausting administrative remedies, Willis has now refiled the lawsuit.

**Count 2:** Health care provider Wexford Health Sources, Inc., enforced a policy and practice amounting to deliberate indifference to Plaintiff Willis's serious medical needs, in violation of the Eighth Amendment.

### Background

Sometime in July 2012, Willis began to experience pain along the sides of his abdomen in the kidney area (Doc. 1, p. 6). As a result, he sought treatment from the prison healthcare staff. On July 27, 2012, Willis started sending "kites" or notes requesting that he be placed on sick call for a medical examination at the prison health care unit. *Id.* When he did not receive, a response, Willis discussed the issue with his gallery officer, Correctional Officer Smith, on August 1, 2012. *Id.* C/O Smith told Willis that the unit nurse was gone for the day, but that he would pass along a kite. *Id.* Willis was eventually placed on sick call later in August 2012 (Doc. 1, p. 26). Records indicate that Willis was signed up for sick call on August 21, 2012 and August 23, 2012, but that when Defendant Lang went to his cell house, Willis was unavailable on both dates. *Id.*

Willis was finally examined by Nurse McGee at the Menard Health Care Unit on September 12, 2012 (Doc. 76-1, p. 9). During the examination, Willis complained of pain in his right abdominal area, which he had experienced for approximately three weeks. *Id.* According to McGee's medical notes, Willis was experiencing a pain level of "5 – 7" out of ten. *Id.* Willis also complained of a cold and at the conclusion of the examination, McGee issued Willis a prescription for chlor-trimeton, an anti-histamine (Doc. 76-1, p. 10). McGee's medical notes also indicate that Willis was to receive acetimenophen, but Willis claims that he never received it (Doc. 59-1, pp. 8-9). Willis was then scheduled for a follow up examination on September 20, 2012 and September 21, 2012 (Doc. 76-1, p. 12). However, he was not seen on those dates because he had recently transferred to a different cell. *Id.*

2

Willis' next appointment took place on September 27, 2012 when Dr. Nwaobasi examined him to follow up on his complaints of abdominal pain (Doc. 76-1, p. 11).   Dr. Nwaobasi discontinued Willis' prescription for Pravastin (a drug used to lower cholesterol) and issued a prescription for Motrin.  *Id*.  He advised Willis to "watch dietary intake" and scheduled a follow up examination in one month. *Id*.

Willis was scheduled for "F/U [follow up] kidney pain" on October 5, 2012.  *Id*.  Medical notes from that date state that Willis refused to be seen.  However, Willis testified at his deposition that he did not refuse to be seen rather, he was not called (Doc. 59-1, p. 9).

Willis was next scheduled for examinations on October 23, 2012 and October 25, 2012, but he was not examined on either date (Doc. 76-1, p. 12).  On October 23, 2012, "security did not escort due to 5 gallery shakedown," and on October 25, 2012, Willis refused to be seen.  *Id*. Willis was examined on November 11, 2012, however it is unclear what took place during the examination because the medical records are illegible. *Id*.

According to Willis, he never received a definitive diagnosis as to what has been causing his abdominal pain (Doc. 59-1, p. 10).  He continues to experience "a slight loss of mobility due to the abdominal issue, but that the pain is "tolerable."  *Id*.

Also according to Willis, Wexford has a policy where an inmate will only be seen by a medical doctor if he was previously seen by a nurse on three prior occasions for the same issue (Doc. 59-1, p. 11).  If after three nurse examinations fail to treat the medical problem, the inmate may receive a referral to see a physician.  This policy was confirmed by Lang and McGee.  *Id*. Willis also notes that IDOC Menard Treatment Protocols state, "Any offender evaluated for the same complaint three times within 30 days shall be referred to the physician, physician assistant or nurse practitioner for evaluation." (Doc. 62-2, p. 4).

3

**Discussion**

Pursuant to *F.R.C.P.* 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When presented with a motion for summary judgment, the record shall be viewed in a light most favorable to the nonmoving party and all reasonable inferences are to be drawn in their favor. *Carson v. ALL Erection & Crane Rental Corp.*, 811 F.3d 993, 995 (7th Cir. 2016). "On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). If a reasonable jury could find in favor of the nonmovant, summary judgment shall be denied.

In this case, Willis argues that he was provided inadequate medical care in violation of the Eighth Amendment. Under the Eighth Amendment, prisoners have a right to "adequate food, clothing, shelter, and medical care[.]" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). In the medical care context, prison officials violate the Eighth Amendment if they demonstrate "deliberate indifference" to a prisoner's serious medical condition. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Deliberate indifference is a level of culpability above ordinary negligence, but less than purposeful. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

To establish an Eighth Amendment medical care claim, the plaintiff must also demonstrate that they suffer from an objectively serious medical condition. *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir.2006). A serious medical condition is generally defined as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653

4

(7th Cir. 2005).  The line between conditions that are and are not objectively serious is not always clear, but the Seventh Circuit has held that "minor aches and pains or a tiny scratch or a mild headache or minor fatigue" do not qualify as objectively serious. *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

Although it is unclear whether Willis did in fact suffer from an objectively serious condition, summary judgment is proper because the evidence is insufficient to support a finding of deliberate indifference.  Defendant Lang attempted to examine Willis on August 21st and August 23rd 2012, but Willis was out of his cell on both dates.  Moreover, there is no evidence that she examined Willis at any time between July and September 2012 or that she chose to ignore him in some manner.  As such, she cannot be subject to Eighth Amendment liability on the basis of deliberate indifference.

Additionally, the evidence indicates that Defendant McGee only examined Willis on one occasion during that time period.  On September 12, 2012, she noted that Willis complained of abdominal pain and cold symptoms.  She provided him with cold medication, but allegedly did not ensure he received pain medication.  Willis was then seen by Dr. Nwaobasi on September 27, 2012.  He was initially scheduled for a follow up examination on September 20, 2012, but was unable to be seen due to a cell transfer.  Thus, the delay Willis receiving a follow up appointment was caused by circumstances outside of McGee's control.

Willis argues that McGee should have prescribed him pain medication and that her failure to do so constitutes deliberate indifference.  However, isolated instances of delay are generally insufficient to support an Eighth Amendment claim, *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997), and Dr. Nwaobasi did prescribe Motrin at the September 27, 2012

examination.  Based on these facts, no reasonable jury could conclude that McGee or Lang were deliberately indifferent to Willis' condition.

Finally, Willis asserts a *Monell* claim against Wexford.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978). *Respondeat superior* is inapplicable in § 1983 cases, such as the instant action. However, corporations that provide government services may be subject to *Monell* liability if the corporation implements an unconstitutional policy or custom. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014).

Here, Willis provides scant evidence that Wexford implements an unconstitutional policy or custom.  Willis alleges that IDOC inmates must be seen by a nurse on three occasions before they will receive a referral to see a medical doctor.  However, even if such a policy exists, Willis has provided no evidence that he was in fact harmed by it.  The delays Willis experienced in this case appear to have been caused by unrelated issues (e.g., issuing nurse sick call while the inmates were on the yard or in the law library, the cell transfer).

Moreover, Lang and McGee are IDOC employees - not Wexford employees. Thus, if such a policy exists, it is not clear whether they would be bound by it. Willis also notes that IDOC Menard Treatment Protocols state, "Any offender evaluated for the same complaint three times within 30 days shall be referred to the physician, physician assistant or nurse practitioner for evaluation." But this statement does not prevent a nurse from issuing a referral on an earlier date; it merely requires a nurse to issue a referral under those circumstances.

Because Willis has not provided evidence that Wexford implements an unconstitutional policy or custom, Wexford is entitled to summary judgment. Much of Willis' frustration appears to stem from the fact that he must provide a $5.00 copay for prison medical services, but such a

fee does not violate the constitution. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Because no constitutional violations occurred, the Court need not address the defendants' qualified immunity arguments.

### Conclusion

Defendants' motions for summary judgment (Docs. 55, 58) are hereby GRANTED. The Clerk of Court is DIRECTED to enter judgment in favor of Defendants Wexford Health Sources, Inc., Aimee Lang and Heather McGee and against plaintiff Wayne Willis and to close this case. No claims remain.

SO ORDERED.

Date: March 31, 2017


**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**